The decision below is signed as a decision of the court.

Signed: September 10, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KAY ELIZABETH AIKIN, | ) | Case No. 07-00121 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION SETTING
HEARING ON MOTION FOR ORDER TO SHOW CAUSE WHY
THE ATTORNEY GENERAL OF MARYLAND SHOULD NOT BE HELD IN CONTEMPT

This decision assumes that the reader is familiar with the papers the parties have filed, and will not restate the procedural posture of the case. The only issue left on the debtor's contempt motion is whether the Attorney General has violated the discharge injunction by pursuing restitution remedies against the debtor.

The Consumer Protection Division ("Division") of the Office of the Attorney General, State of Maryland ("State") has proceeded against the debtor in an agency proceeding (not in a criminal proceeding), which includes seeking restitution for victims of the debtor's alleged statutory violations. One of the statutes upon which the Division has proceeded provides for a

restitution remedy in the agency proceeding.[1]  The Consumer Protection Act, Md. Code Ann., Com. Law, provides in § 13-204(10) that the Division has the powers and duties to "[a]ssess against any violator of this title costs of investigation by the Division in damages which flow from the improper, and incomplete or untimely restitution by the violator to the consumer of money, property, or other thing received from the consumer in connection with a violation of this title."  In turn, § 13–403(b)(1)(i) provides that upon the Division determining that the alleged violator violated the statute, the Division "shall issue an order requiring the violator to cease and desist from the violation and to take affirmative action, including the restitution of money or property."

---

[1] Two of the statutes upon which the Division has proceeded do not entail restitution in the agency proceeding:

- The Homebuilder Registration Act, Md. Code Ann., Bus. Reg. § 4.5-101 through § 4.5-701 (2004 Repl. Vol. and 2006 Supp.), includes no restitution remedy.

- The Custom Home Protection Act, Md. Code Ann., Real Prop. § 10-501 through § 10-509 (2003 Repl. Vol. And 2006 Supp.) provides in § 10-507(b)(1) that certain violations of the statute constitute a felony and § 10-507(b)(2) provides that upon being convicted of such a felony, the convicted person "shall make restitution to the purchaser as determined by the court and be subject to a fine not exceeding. $10,000 or imprisonment not exceeding 15 years or both."  Plainly any restitution order under this provision would be nondischargeable, but at this juncture the Division is only proceeding at the agency level and not before a court having jurisdiction to issue a felony conviction.

2

The issue is whether the restitution claims the State has pursued are not nondischargeable under 11 U.S.C. § 523(a)(7) because the claims are not "payable to or for the benefit of a governmental unit" within the meaning of that statute.  The critical features of the proceeding the Division is pursuing regarding restitution are that (1) the proceeding is a civil proceeding (not a criminal proceeding as in Kelly v. Robinson, 479 U.S. 36 (1986)), and (2) the statute contemplates that any restitution will flow to the victims, not to the State.  As the Supreme Court noted in Kelly in holding that a criminal restitution order was nondischargeable under § 523(a)(7), the "criminal justice system is not operated primarily for the benefit of the victim, but for the benefit of society as a whole."  479 U.S. at 52.  Courts have viewed restitution in a civil proceeding differently.  If the restitution does not flow to the state, it is not nondischargeable under § 523(a)(7).  In re Towers, 162 F.3d 952 (7th Cir. 1998), cert. denied, 527 U.S. 1004 (1999); cf. In re Car Renovators, 946 F.2d 780 (11th Cir. 1991) (voluntary repayment of worthless check would be nondischargeable as there was no state criminal sentence requiring the restitution); In re Troff, 488 F.3d 1237 (10th Cir. 2007) (observing that in the case of state criminal restitution orders, the courts are not free to apply § 523(a)(7) as plainly written, and must view the deterrent and rehabilitative purposes

of restitution, when imposed as part of a criminal sentence, as a benefit flowing to the state within the meaning of § 523(a)(7), but suggesting that the policy concerns of Kelly regarding criminal sentences would not bar applying the plain language of § 523(a)(7), as in Tower, to civil restitution orders).

In contrast, Department of Housing & Urban Development v. Cost Control Marketing & Sales Mngt. of Va., Inc., 64 F.3d 920, 927-28 (4th Cir. 1995), relied upon by the State, dealt with a civil restitution order that "impose[d] no obligation on HUD to disburse the money to anyone."  Moreover, the other principal decision relied upon by the State, In re Luskin's, Inc., 213 B.R. 107 (D. Md. 1997), dealt with 11 U.S.C. § 362(b)(4) (the exception of the automatic stay regarding regulatory proceedings), not § 523(a)(7).  See Towers, 162 F.3d at 956 (despite § 523(a)(7) being inapplicable to the restitution debt, § 362(b)(4) had applied to permit pursuit of the restitution proceeding).[2]

The State relies upon the observation in Luskin's that when the Division seeks restitution it is attempting to protect the

---

[2] Here, the debtor's motion began as one to hold the Attorney General in contempt for violation of the automatic stay, but once the debtor received a discharge, the debtor converted the motion to one for violation of the discharge injunction, and the State has now treated the motion as directed to the discharge injunction.  If § 362(b)(4) was applicable while the automatic stay was in effect, the debtor's contempt damages would be limited to damages arising from violation of the discharge injunction.

4

public interest, and thereby seeks to distinguish <u>Towers</u>, in which the money was ultimately payable to the victims, not the state.  But Illinois was advancing the public interest in <u>Towers</u> just as much as the State of Maryland is advancing the public interest here by seeking restitution.  The State has failed to show how restitution here would be "payable to and for the benefit of a governmental unit" when the money, under a civil restitution order, will flow to the victims.

The parties have not had an opportunity to present oral argument on this matter, and the State may be able to point to some feature of this case that distinguishes it from <u>Towers</u>.  But at this juncture it appears necessary to hold a hearing instead of disposing of the motion on the papers.

For all of these reasons, it is

ORDERED that the Attorney General of the State of Maryland shall appear through counsel on October 4, 2007, at 10:30 a.m., to show cause why the Attorney General ought not be held in civil contempt for violation of the discharge injunction in pursuing restitution remedies post-discharge, and, if an adjudication of civil contempt is appropriate, to fix the amount of attorney's fees incurred by the debtor, and to determine whether coercive sanctions are appropriate (and, if so, in what form).

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; and

Steven M. Sakamoto-Wengel
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General
200 St. Paul Place
16th Floor
Baltimore, MD 21202